## EDWARDS, TRUSTEE, v. THOSTENSON ET AL.

1. **Mortgages**: CONVEYANCES SUBJECT TO: DIVISION OF LAND: LIABIL-
ITY OF GRANTEES. Where the owner of real estate subject to a mort-
gage of $1,000 conveyed a portion of it to L., who agreed, as a part of
the consideration, to pay $500 of the mortgage debt when due, or when-
ever his grantor should be ready to pay the residue of the debt, and his
grantor afterwards conveyed the remainder of the tract to S., who sold
to B., and the mortgage was afterwards foreclosed on account of a
default in the payment of interest, *held* that, as between L. and B., L.
was bound by his agreement, not to pay one-half of the mortgage debt,
but only $500 thereof, without interest.

*Appeal from Howard District Court.*

FRIDAY, OCTOBER 24.

ACTION to foreclose a deed of trust on real estate executed
by the defendant. Thostenson, Long and Breckenbridge were
made defendants, on the ground that Thostenson had conveyed
to them. The contest on this appeal is between Long and
Breckenbridge, the latter being the appellant.

*Reed & Marsh*, for appellants.

*McCartney & McCook*, for appellee.

SEEVERS, J.—The facts, sufficiently stated, are substantially
as follows: In May, 1877, the defendant, Thostenson, exe-
cuted a mortgage to the plaintiff on certain real estate, to
secure the payment of one thousand dollars in 1882, with
interest to be paid semi-annually; but it was provided that,
upon a failure to pay interest or taxes, the whole debt secured
by the trust deed would become due. In March, 1878, Thos-
tenson conveyed a portion of the premises described in the
trust deed to the defendant, Long. The conveyance contains
the following provisions.

"This deed is given subject to a certain mortgage or trust
deed given by the said Knudt Thostenson     *     *     *  .

The said Lawrence Long hereby assumes and agrees to pay $500 of the above trust deed or mortgage when the same becomes due, or at any time whenever the said Thostenson shall be ready to pay the balance of said mortgage."

Afterwards Thostenson conveyed the remaining portion of the premises described in the trust deed to Sunderson, and he conveyed to Breckenbridge in 1880. In 1879 default was made in the payment of the semi-annual interest, and this action was brought to foreclose the deed of trust. Breckenbridge filed a cross-petition against his co-defendant, Long, in which he claimed, in substance, that the portion of the real estate conveyed to the latter should pay one-half of the amount due on the said deed of trust. The trust deed was foreclosed without a determination of the issue between the defendants, and the premises separately sold under the decree of foreclosure. The whole amount, excluding costs, then due on the deed of trust was $1,421.32. The Long tract was sold for $450, and Breckenbridge's for the residue. After such sale, the issue between Long and Breckenbridge was so changed by pleadings filed as to permit the latter to recover of the former any sum which, under the circumstances, he was entitled in equity to recover. For the purposes of this case, it will be conceded that the assumption of a portion of the indebtedness contained in the conveyance from Thostenson to Long, enured to the benefit of Breckenbridge, and that the latter can recover, provided Long has not paid all he agreed to. The material question, therefore, is, how much did Long agree to pay? It is clear, he agreed to pay $500 when the debt became due in 1882, or to pay that amount at any prior time when Thostenson was ready to pay the balance due on the mortgage. This was the extent of his liability. He did not agree to pay any interest; and if Thostenson had been ready to pay when the first six months' interest became due after the conveyance to Long, the latter could then have discharged his liability by the payment of $500. It seems to us this must be so, and it follows

that Thostenson could not, by failing to pay the interest, increase or extend the liability of Long. To protect himself, Long paid for Thostenson $45 on the interest due in May, 1879. This portion of the land was sold in November, 1881, for $450, so that he has paid $495; and, as these payments were made before he agreed to pay, we suppose the court below thought he was entitled to interest, at least, sufficient to amount to five dollars. In this view we are disposed to concur, and we think the judgment of the district court must be

AFFIRMED.